(48 Misc. Rep. 402.)

### POTASH v. UTOPIA LAND CO.

(Supreme Court, Appellate Term. November 3, 1905.)

JUDGMENTS—CONCLUSIVENESS—ISSUES.

   Where, in a suit for brokers' commissions, defendant conceded that $104.58 commissions were due to plaintiff, and the only question litigated was whether plaintiff was entitled to commissions alone or jointly with another, the rate of commissions to which plaintiff was entitled under the contract was necessarily involved in such action, and the judgment therein in favor of plaintiff was conclusive on such issue against defendant in a subsequent suit on the same contract.

   [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1248–1253.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Julius Potash against the Utopia Land Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-ALD, JJ.

Wasserman & Jacobus, for appellant.

Arthur C. Mandel, for respondent.

BISCHOFF, J. The plaintiff's cause of action was for commissions upon the sale of certain real estate of the defendant situated on Long Island, and to support his case upon the question of the rate of commissions to which he was entitled under his agreement with the defendant the plaintiff offered in evidence a judgment of the Municipal Court, Fifth District, rendered in his favor and against the defendant in an action brought for commissions upon a part of the purchase price of the same land. The record of this prior recovery did not distinctly set forth the manner in which the plaintiff's claim to commissions was computed, but it was made to appear by extrinsic evidence that this same sale was involved, and that the commissions sued for necessarily depended upon some agreed percentage upon the selling value of the property. It was also shown that upon the trial of this former action the defendant conceded that the commissions due were $104.58, and the sole question then litigated was as to whether the plaintiff alone was entitled to these commissions or whether they had accrued to him jointly with another party. This prior action having been brought for commissions, the rate, under the agreement with the defendant, was directly involved as a necessary fact, upon which the plaintiff's recovery was to depend for its proper measure, and a judgment which fixed the amount of the commissions, and so the rate, became conclusive as an adjudication upon this term of the contract. The defendant's admission upon the trial of the earlier action that the commissions were in a stated sum simply took the place of proof as to what the agreed rate was, and, since the matter was in issue for the purposes of the recovery and was directly and necessarily involved in any judgment then rendered, the defendant is concluded by the judgment, whether based upon proof of the essential propositions of fact or upon the admission of these propositions which took the place of the proof.

This is not a case where the matter sought to be concluded by an adjudication was withdrawn from the earlier trial, or where the adjudication related to matter not involved in the pleadings but facts litigated by consent. A common matter of fact was involved in the pleadings as the basis of the earlier action and of the litigation now before the court, to wit, the rate of commissions upon the sale of this very property; and, the subject-matter having been clearly identified, the earlier judgment was necessarily conclusive. Having thus determined the fact of the conclusive effect of this judgment upon the evidence before him, the justice committed no error in concluding any issue as to the terms of the plaintiff's agency against the defendant, since whatever meaning there might be in the term "general agent," as distinguished from "special agent," in accordance with the proof offered by the defendant, the sole matter of cogency was the rate of commissions to which the plaintiff was entitled, and as to this the defendant was concluded.

The judgment is therefore affirmed, with costs. All concur.